## No. 11,867.

### OLSON *v.* PLATT, ET AL.

Decided May 31, 1927.

Action on check.  Judgment for plaintiffs.

*Affirmed.*

*On Application for Supersedeas.*

1. SALES—*Warranty—Tender.*  Purchaser of a corn picker which proved unsatisfactory, and who did not tender or return it promptly as provided in the contract of sale, held liable for payment of the purchase price.

2.     *Warranty—Return.*  The contract of sale of a corn picker provided for a return promptly if it was not satisfactory.  Held, that an offer to return several months after discovery of defects would not justify a finding of prompt return.

3. CONTRACT—*Rescission.*  Attempted rescission of a sales contract for false representations, held too late after the lapse of several months from the time of discovery of the falsity.

*Error to the District Court of Phillips County, Hon. H. E. Munson, Judge.*

Messrs. MUNSON & JONES, for plaintiff in error.

Messrs. COEN & SAUTER, for defendants in error.

*Department One.*

MR. JUSTICE DENISON delivered the opinion of the court.

DEFENDANTS in error were plaintiffs below and had a directed verdict and judgment against Olson in an action on a check drawn by him, payable to them, on which he

had stopped payment. He brings error and moves for a supersedeas. Both sides ask for a final decision. The judgment must be affirmed.

On October 8, 1925, Olson bought of Platt & Son a machine called a corn picker for $485, and signed an order for the machine, which stated that it, with the warranty and agreements endorsed thereon, constituted the sole contract between the parties. The back of this order carried the following warranty: "The purchaser agrees to give each machine a fair trial as soon as possible after receiving and within two days after the first use. If it then fails to work properly and prompt notice is given, the seller will send a man within a reasonable time to put it in order, the purchaser agreeing to render friendly assistance. If it still fails to work properly and the purchaser promptly returns it to the seller, at the place where delivered, the seller will refund the amount paid, which shall constitute a settlement in full. Retention of possession or continued use shall constitute an acceptance and satisfaction of warranty and further assistance rendered the purchaser shall not be considered a waiver of this provision. The purchaser agrees to pay the expense of remedying any trouble due to improper handling."

The machine was delivered October 16th, and Olson then gave his check for the purchase price thereof which bore written upon its face, "For corn picker, to be held till corn is delivered." No question is made, however, on this clause. The plaintiffs' men helped Olson work the machine on the day it was delivered, or thereabouts, and he told them it was not satisfactory. The day was so stormy it could not be well tested. A storm came up and there was no more work for some thirty days. Then it did not work well. There was a defect in the operation of the gears and a defect in the "power take-off" of which he then told plaintiffs and which they remedied, but the machine did not work well then. He made no offer to return the machine, however, until the late

winter, February or March. Plaintiffs then refused to take it, and so he never returned it. This action was begun in May, 1926. The contract contained in the order controls the case. It was the duty of the defendant to return the machine "promptly" if he desired the return of the check, and, since the contract prescribed his remedy, he had no other. He did not return it or tender it, consequently he must pay the price.

He urges that return was waived, but we cannot assent. The alleged waiver consists of the refusal of his offer to return the machine, made several months after his discovery of the defects, at a time when no jury would be justified in saying the return was prompt.

The claim is made that the testimony of H. H. Platt, one of the plaintiffs, showed that a tender of return would not have been received and so would have been unavailing. Whether such a showing would do away with the need of tender we do not say, but there is no evidence that a prompt tender of a return of the machine according to the contract was or would have been refused.

The pleadings of the defendant indicate a claim that he relied on the right to rescind for false representations, but he does not argue it here and it is clear that his only attempted rescission was too late to be valid for such a reason. *Gordon-Tiger Co. v. Brown*, 56 Colo. 301, 138 Pac. 51.

The judgment is affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE SHEAFOR and MR. JUSTICE WHITFORD concur.